United States District Court
Southern District of Texas
**ENTERED**
October 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Marvin Waddleton, III, § <br> Petitioner, § <br> § <br> v. § <br> § Civil Action H-21-1228 <br> Bobby Lumpkin, § <br> Director, Texas Department § <br> of Criminal Justice, Correctional § <br> Institutions Division, § <br> Respondent. § | |

# Report and Recommendation

Marvin Waddleton, III, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary case. (D.E. 1.) The court recommends that the petition be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

## 1. Background

According to his petition, Waddleton was sentenced to life in prison in Smith County, Texas. (D.E. 1 at 3.) On April 13, 2020, in a disciplinary proceeding, he was found guilty of disobeying an order and retaliating against an officer. (D.E. 1 at 5.) As punishment, Waddleton lost 364 days of good-time credit, received a change in his custody level, and was restricted from access to the law library and medical facility. *Id.* He also claims he is unable to freely practice his religion and is subject to other unfavorable conditions of confinement. *Id.* Waddleton claims that he has been deprived of his liberty without due process.

### *2. Waddleton does not have a liberty interest in lost good time credit*

Federal habeas relief is not available "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (internal quotations omitted). In the context of a Texas inmate's challenge to a prison disciplinary proceeding, the focus is on whether the punishment imposed deprived the petitioner of a constitutional right. *Buchanan v. Director, TDCJ-CID*, No. 6:17cv505, 2017 WL 6512357, at *1 (E.D. Tex. Dec. 19, 2017). Thus, the petitioner must show: (1) that he has been punished by the loss of good time credits and (2) that he is eligible for release on mandatory supervision. *Id.* "[T]he Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Moreover, even when an inmate loses good conduct time, if he is not eligible for mandatory release, there can be no constitutional violation. This is because it is entirely speculative whether an inmate will be paroled. "[T]here is no constitutional expectancy of parole in Texas." *Id.* Here, Waddleton states that he is not eligible for mandatory supervision. (D.E. 1 at 5.) Thus, Waddleton was not deprived of a constitutional right when he lost 364 days of good-time credit.

### *3. Waddleton's other punishments do not warrant habeas relief*

Waddleton's claims about the conditions of his confinement must also be dismissed. A habeas corpus petition is not the proper vehicle for resolving issues related to conditions of confinement. "[H]abeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) (quoting *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976)). Waddleton's complaints about his change in custody level, that he is being deprived of necessary medical care, that he is not able

to freely practice his religion, access to the law library and the quality of the food he is being served challenge the conditions of his confinement, not "the very fact or duration" of his confinement. *See Id.* The court therefore recommends that Waddleton's claims about the conditions of his confinement be dismissed without prejudice to being raised in a later civil rights lawsuit. *See Cuero Hernandez v. Mora*, 467 F. Supp.3d 454, 464 (N.D. Tex. 2020).

*4. Conclusion*

The court recommends that the petition for writ of habeas corpus be denied with prejudice as no constitutional violations have been established. Because reasonable jurists would not find the court's assessment of Waddleton's claims debatable or wrong, the court recommends that a certificate of appealability not be issued. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on October 27, 2021.

_____
Peter Bray
United States Magistrate Judge

3